IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SHAUNTELL MAURICE SUMMERALL                                              PLAINTIFF

v.                                                                      No. 4:04CV330-D-A

TYRONE GALLION, ET AL.                                                 DEFENDANTS

## MEMORANDUM OPINION

The court takes up, *sua sponte,* the dismissal of this *pro se* prisoner case challenging the conditions of the plaintiff's confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the plaintiff was incarcerated when he filed this suit. The plaintiff claims that the defendants used excessive force to subdue him in violation of the Eighth Amendment prohibition against cruel and unusual punishment. For the reasons set forth below, this case shall be dismissed with prejudice.

### Facts – As Alleged

At 11:00 a.m. on May 13, 2004, the plaintiff and other inmates violated prison rules by "beat[ing] the tin" with their hands so that a security officer would investigate. The plaintiff and the others apparently heard someone choking and began making a racket in an attempt to call security personnel for help. A few minutes later, defendant Tyrone Gallion ("Gallion") and others corrections officers arrived on the tier. Gallion informed those "beating on the tin" that they would have their property removed from their cells. The plaintiff asked, "For what, trying to get someone on the tier to see about that man?" Gallion replied, "That's no reason to be beating on the tin." The plaintiff responded, "If they wouldn't have taken away the intercom system out the cells, then we wouldn't have to beat on the tin." Lieutenant Spells ("Spells") then

asked the plaintiff, "What's your problem?"  The plaintiff responded, "I have no problem, but Officer Gallion is talking 'bout stripping me for beating on the tin."  Spells then told Gallion, "Write his ass up."  Gallion said he would confiscate the plaintiff's property; the plaintiff responded, "You not gon[na] get it like talking about it for no bullshit."

The security officers left the plaintiff's area to remove another inmate.  A few minutes later, several officers returned to the plaintiff's cell and ordered him to turn around.  The plaintiff refused to turn around, instead asking, "Why?"  The officers told him they were stripping his cell.  When the plaintiff still would not comply with the order, Lieutenant Davis ("Davis") sprayed the plaintiff with mace; other inmates who failed to comply were also sprayed.  Davis periodically sprayed the plaintiff until he complied by extending his arms through the bars to be restrained.   While the plaintiff was being escorted outside, someone punched him in the head.  Once outside, the plaintiff demanded to see the warden, and he was sprayed with mace again.  The plaintiff and other inmates were taken to the clinic to wait for transport to the hospital.  The plaintiff requested that his eyes be washed, but clinic personnel informed him that the detox procedure would be carried out at the hospital.  The plaintiff arrived at the hospital about three hours later, where he was cleaned up and treated.  He was placed back in his (then empty) cell for ninety-six hours, after which his property was returned.

## Excessive Force

This case presents the court with a claim that a prison official used excessive force against a prisoner in violation of the Eighth Amendment.  Courts must balance the constitutional rights of convicted prisoners with the needs of prison officials to use force effectively to maintain prison order.  To establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to

maintain or restore discipline . . . ." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993).[1] Not every malevolent touch by a prison official gives rise to a constitutional claim of excessive force; in fact, the Eighth Amendment prohibition against "'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (citations omitted). A single incident of force or a single blow is *de minimis* and thus does not violate of the Eighth Amendment. *Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th 1993).

The plaintiff violated the rules of the prison by joining other inmates in "beating on the tin," causing a disruption in the facility. When confronted about his actions, the plaintiff antagonized the corrections officers, indicating that he would resist their efforts to remove the property from his cell. Finally, when ordered to place his arms through the bars to be restrained, the plaintiff refused. The defendants used mace, rather than brute force, to gain the plaintiff's compliance. While the plaintiff claims that someone punched him in the head on the way outside, he was not injured. None of the force used against the plaintiff was "repugnant to the conscience of mankind," and the plaintiff suffered only a single blow. As such, his injuries were *de minimis*, and the actions of the defendants were clearly a good-faith effort to restore order and discipline. The incident thus did not rise to the level of a constitutional violation. For these

---

[1]The standard for analyzing an excessive force claim under 42 U.S.C. § 1983 is the same whether brought under the Due Process Clause by a pretrial detainee or under the Eighth Amendment by a convicted prisoner; therefore, in the following discussion the court will use citations pertaining to each interchangeably. *Valencia v. Wiggins*, 981 F.2d 1440, 1447 (5th Cir. 1993).

reasons, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g).

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 13th day of June, 2005.

    /s/ Glen H. Davidson
CHIEF JUDGE